10 F.3d 807
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Okechukuw UDUKO, a/k/a OK, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Francis Nwankwo, a/k/a Chucka, Defendant-Appellant.
 Nos. 92-5810, 92-5811.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 30, 1993.
Decided: November 5, 1993.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore.
 Beth Mina Farber, Assistant Federal Public Defender, for Appellants.
 Brent Jefferson Gurney, Assistant United States Attorney, for Appellee.
 James K. Bredar, Federal Public Defender; Barry Coburn, for Appellants.
 Gary P. Jordan, United States Attorney, for Appellee.
 D.Md.
 AFFIRMED.
 Before RUSSELL, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Okechukwu Uduko and Francis Nwankwo appeal their convictions and sentences for conspiring to import heroin in violation of 21 U.S.C.A. Sec. 963 (West Supp. 1993) and 18 U.S.C.A. Sec. 2 (West 1969), conspiring to distribute heroin in violation of 21 U.S.C.A. Sec. 846 (West Supp. 1993) and 18 U.S.C.A. Sec. 2, and importing heroin in violation of 21 U.S.C.A. Sec. 952(a) (West Supp. 1993) and 18 U.S.C.A. Sec. 2. Although Uduko and Nwankwo raise a myriad of errors, they principally argue that the district court erred in excusing for cause one of the members of the venire during the jury selection process. We affirm.
 
 I.
 
 2
 During the course of voir dire the following colloquy ensued:
 
 
 3
 THE COURT: Do any of you have any reservations concerning the administration of the criminal justice in the courts that would prevent you from rendering a fair and impartial verdict in this case?
 
 
 4
 (No response)
 
 
 5
 THE COURT: Do any of you believe the federal laws governing drugs to be unduly harsh? You come up to the bench.
 
 
 6
 (At the bench)
 
 
 7
 THE COURT: Yes?
 
 
 8
 ...
 
 
 9
 THE JUROR: I believe that as long as harmful drugs are made legal, like alcohol, that I think all drugs should be treated equally. Also, with reference to your question two times ago, statistics show that our drug laws are enforced racially. A higher percentage of whites use drugs than blacks, yet blacks represent a higher number of people in prison[o]n narcotics charges.
 
 
 10
 ...
 
 
 11
 THE JUROR: Our drug laws, I believe, are hash [sic] and unfairly enforced.
 
 
 12
 THE COURT: You'll be excused.
 
 
 13
 (Emphasis added). Upon the excusal of this juror, counsel for Uduko and Nwankwo immediately objected, arguing that the juror had a right to his views concerning drug laws and should be asked whether he could set aside those beliefs in the performance of his duties. Their objection was overruled.
 
 II.
 
 14
 On appeal, Uduko and Nwankwo challenge the excusal of the prospective juror on two grounds. First, they contend the dialogue between the court and the prospective juror was patently insufficient to determine whether the juror was impermissibly biased. Citing to Wainwright v. Witt, 469 U.S. 412, 424 (1985), they argue that the district court was required to conduct further inquiry, specifically asking the juror whether his views on drug laws would " 'prevent or substantially impair the performance of his duties in accordance with his oath.' " We do not read Witt to require such a formalistic examination. A trial court must determine whether a prospective juror would be able to lay aside personal views and render a verdict based on the evidence, but " '[i]mpartiality is not a technical conception. It is a state of mind. For the ascertainment of this mental attitude of appropriate indifference, the Constitution lays down no particular tests and [the] procedure is not chained to any ancient and artificial formula.' " Irvin v. Dowd, 366 U.S. 717, 724-25 (1961) (quoting United States v. Wood, 299 U.S. 123, 145-46 (1936)). Rather, district courts are accorded wide discretion in conducting voir dire for the purpose of determining whether a particular juror should be excluded. Person v. Miller, 854 F.2d 656, 665 (4th Cir. 1988), cert. denied, 489 U.S. 1011 (1989). Because the juror's reference to the "question two times ago" indicates that his next statement was intended as a response to the previous question of whether any juror had reservations regarding the administration of criminal justice "that would prevent [him] from rendering a fair and impartial verdict," we conclude that the district court did not abuse its discretion by refusing to pose an essentially identical question to this juror individually.
 
 
 15
 Uduko and Nwankwo's second contention is that the juror's statements were insufficient to support the finding of partiality by the district court. Because a determination of impermissible bias is "essentially one of credibility, and therefore largely one of demeanor," a trial court's evaluation of jurors is entitled to "special deference." Patton v. Yount, 467 U.S. 1025, 1038 (1984). Once a trial court has decided to excuse a juror for cause, the findings of the court regarding partiality will not be set aside absent manifest error. Id. at 1037 n.12. As stated previously, the juror's reference to the "question two times ago" indicates that he was affirmatively responding to the question of whether his views would prevent him from rendering a fair and impartial verdict. In addition, the prospective juror asserted that drug laws are harsh and unfairly enforced. Based on these statements, we are unable to conclude that the district court erred in deciding that the juror was impermissibly biased.
 
 
 16
 Uduko and Nwankwo's remaining allegations of error concern deficiencies in the indictment, Speedy Trial Act violations, the erroneous admission of evidence, the sufficiency of the evidence to support the jury's verdict, and errors in the sentencing phase of the trial.
 
 
 17
 We have considered each of these claims and conclude that they are without merit.
 
 AFFIRMED